## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM EDWARD RAINEY,<br>Individually and as<br>Special Administrator of the Estate of<br>WILLIAM EVERETTE RAINEY,<br>    Deceased,<br><br>        Plaintiff,<br><br>Vs.<br><br>SHERIFF MIKE HOELSCHER,<br>CHRISTOPHER GEISEN,<br>JASON LOYD, JOHN DOE,<br>RICHARD ROE, POLICE OFFICERS<br>And SECURITY GUARDS at<br>RANDOLPH COUNTY JAIL, the<br>Identify and Number of Whom is<br>Presently Unknown to the Plaintiff,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  NO.  3:13-cv-00442-DRH-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes now the plaintiff, William Edward Rainey, individually and as Special Administrator of the Estate of William Everette Rainey, Deceased, by his attorney, Jeffrey S. Hammel, and for his Complaint against the defendants, Sheriff Mike Hoelscher, Christopher Geisen, Jason Loyd, and John Doe, Richard Roe, Police Officers and Security Guards at Randolph County Jail, the identity and number of whom are presently unknown to the Plaintiff, states as follows:

## FACTS COMMON TO ALL COUNTS

1.    Plaintiff and plaintiff's decedent, were at all relevant times residents of the County of Randolph, Illinois.

1

2.     That all times relevant herein, the defendant Mike Hoelscher was the Sheriff of Randolph County, Illinois.

3.     At all relevant times herein, Sheriff Mike Hoelscher employed various personnel as part of his operation and supervision of the Randolph County Jail, including, but not limited to, correctional officers Christopher Geisen and Jason Loyd.

4.     That on or about May 9, 2012, plaintiff's decedent, William Everette Rainey was committed into the custody of the Randolph County Sheriff's Department and was held at the Randolph County Jail as a pretrial detainee until his death.

5.     That the Randolph County Sheriff and other prison personnel were acting in the course and scope of their employment and under color of state law when they took the plaintiff's decedent, William Everette Rainey, into custody and throughout the entire time of his detention.

6.     That at some time shortly after being taken into custody by the Randolph County Sheriff, the plaintiff began to experience and manifest severe pain and discomfort throughout various parts and systems of his body, and then and there and at numerous times thereafter moaned in pain and begged for medical attention from the Randolph County Sheriff's Department and other personnel at the Randolph County Jail.

7.     That throughout his period of detainment, plaintiff's decedent's pleas for medical attention directed to the personnel at the Randolph County Jail were refused and/or ignored and appropriate and reasonable medical attention was never provided.

8.     That based on information and belief, in the early morning hours of May 10, 2012, plaintiff's decedent, William Everette Rainey, was found dead in his cell at Randolph County Jail.

9.      That on November 15, 2012, an Order was entered appointing William Edward Rainey, father of the decedent, Special Administrator of the Estate of William Everette Rainey, Deceased, in Cause No. 12-P-88 in the Circuit Court, Twentieth Judicial Circuit, Randolph County, Illinois.

10.     That the Decedent, William Everette Rainey, is survived by his two minor children, Bailey Fay Rainey, d/o/b March 22, 2000, and William Michael Rainey, d/o/b December 15, 2003.

<u>**COUNT I – Wilful and Wanton Lack of Medical Attention vs.**</u>
<u>**Sheriff Mike Hoelscher**</u>
<u>**(Wrongful Death)**</u>

11.     The plaintiff incorporates paragraphs 1 – 10 as if fully set forth herein.

12.     That at all times relevant, Sheriff Mike Hoelscher had a duty to maintain the health and wellbeing of the plaintiff's decedent and to furnish all necessary medical aid to the people in his department's custody.

13.     That at the above-referenced times, Mike Hoelscher, by and through his agents and employees, acted with wilful and wanton neglect and with reckless disregard for the safety and well being of plaintiff's decedent, William Everette Rainey, Deceased, in one or more of the following ways:

    a.      Failed to provide the plaintiff reasonable medical care under the circumstances in violation of 730 ILCS 125/5;

    b.      Failed to provide the plaintiff reasonable medical care under the circumstances in violation of 730 ILCS 125/17;

    c.      Refused medical treatment in spite of repeated requests in an effort to punish William Everette Rainey;

3

d.     Was otherwise negligent in failing to maintain, care for, and see to the health and welfare of those in its custody, including plaintiff's decedent, William Everette Rainey;

e.     Failed to transport plaintiff's decedent to a hospital or to some other facility prior to his death to maintain, care for, and see to the health and welfare of the plaintiff's decedent.

14.     That as a direct and proximate result of the foregoing acts on the part of the defendant, Sheriff Mike Hoelscher, the plaintiff's decedent died.

15.     That as a result of the death of William Everette Rainey, his children, Bailey Fay Rainey and William Michael Rainey, have suffered great losses of a personal and pecuniary nature, including the loss of companionship, guidance, support, and society of their father, subjecting the defendant to liability pursuant to 74 ILCS 180/1 commonly referred to as the Wrongful Death Act.

WHEREFORE, plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendant Sheriff Mike Hoelscher, in an amount greater than $50,000.00.

## COUNT II – Wilful and Wanton Lack of Medical Attention vs. Christopher Geisen and Jason Loyd, Correctional Officers at Randolph County Jail (Wrongful Death)

16.     The plaintiff incorporates paragraphs 1-10 as if fully set forth herein.

17.     That at all relevant times, Christopher Geisen and Jason Loyd were correctional officers employed at the Randolph County Jail.

18.     That at all relevant times, Christopher Geisen and Jason Loyd, as correctional officers at the Randolph County Jail, had a duty to maintain plaintiff's

decedent, William Everette Rainey, Deceased, and to furnish all necessary medical aid to the people in their custody, including plaintiff's decedent.

19.     That at the above-referenced times, Christopher Geisen and Jason Loyd, correctional officers at the Randolph County Jail, acted with wilful and wanton neglect and with reckless disregard for the safety and well being of William Everette Rainey, Deceased, in one or more of the following ways:

    a.    Failed to provide the plaintiff reasonable medical care under the circumstances in violation of 730 ILCS 125/5;

    b.    Failed to provide the plaintiff reasonable medical care under the circumstances in violation of 730 ILCS 125/17;

    c.    Refused medical treatment in spite of repeated requests in an effort to punish William Everette Rainey;

    d.    Was otherwise negligent in failing to maintain, care for, and see to the health and welfare of those in its custody, including plaintiff's decedent, William Everette Rainey;

    e.    Failed to transport plaintiff's decedent to a hospital or to some other facility prior to his death to maintain, care for, and see to the health and welfare of the plaintiff's decedent.

20.     That as a direct and proximate result of the foregoing acts on the part of the defendants, Christopher Geisen and Jason Loyd, the plaintiff's decedent died.

21.     That as a result of the death of William Everette Rainey, his children, Bailey Fay Rainey and William Michael Rainey, have suffered great losses of a personal and pecuniary nature, including the loss of companionship, guidance, support, and

society of their father, subjecting the defendants to liability pursuant to 74 ILCS 180/1 commonly referred to as the Wrongful Death Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, Christopher Geisen and Jason Loyd, in an amount greater than $50,000.00.

## COUNT III – Wilful and Wanton Lack of Medical Attention vs. John Doe, Richard Roe, Unknown Police Officers, Correctional Officers and Security Guards at Randolph County Jail (Wrongful Death)

22.     The plaintiff incorporates paragraphs 1-10 as if fully set forth herein.

23.     That at all relevant times, John Doe, Richard Roe, Police Officers, Correctional Officers and Security Guards were employed at the Randolph County Jail.

24.     That at all relevant times, John Doe, Richard Roe, police officers, correctional officers, and security guards, as employees at the Randolph County Jail, had a duty to maintain plaintiff's decedent, William Everette Rainey, Deceased, and to furnish all necessary medical aid to the people in their custody, including plaintiff's decedent.

25.     That at the above-referenced times, John Doe, Richard Roe, Police Officers, Correctional Officers and Security Guards at the Randolph County Jail, acted with wilful and wanton neglect and with reckless disregard for the safety and well being of William Everette Rainey, Deceased, in one or more of the following ways:

a.      Failed to provide the plaintiff reasonable medical care under the circumstances in violation of 730 ILCS 125/5;

b.      Failed to provide the plaintiff reasonable medical care under the circumstances in violation of 730 ILCS 125/17;

c.    Refused medical treatment in spite of repeated requests in an effort to punish William Everette Rainey;

d.    Was otherwise negligent in failing to maintain, care for, and see to the health and welfare of those in its custody, including plaintiff's decedent, William Everette Rainey;

e.    Failed to transport plaintiff's decedent to a hospital or to some other facility prior to his death to maintain, care for, and see to the health and welfare of the plaintiff's decedent.

26.    That as a direct and proximate result of the foregoing acts on the part of the defendants, John Doe, Richard Roe, Police Officers, Correctional Officers and Security Guards at the Randolph County Jail, the plaintiff's decedent died.

27.    That as a result of the death of William Everette Rainey, his children, Bailey Fay Rainey and William Michael Rainey, have suffered great losses of a personal and pecuniary nature, including the loss of companionship, guidance, support, and society of their father, subjecting the defendants to liability pursuant to 74 ILCS 180/1 commonly referred to as the Wrongful Death Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, John Doe, Richard Roe, Police Officers, Correctional Officers and Security Guards at the Randolph County Jail, in an amount greater than $50,000.00.

## COUNT IV – Violation of 42 USC § 1983 vs. Sheriff Mike Hoelscher (Wrongful Death)

28.    The plaintiff incorporates paragraphs 1-10 as if fully set forth herein.

29.     That Sheriff Mike Hoelscher had a duty to maintain pretrial detainees such as the plaintiff's decedent, William Everette Rainey, and had a duty to furnish all necessary medical aid to the people in his department's custody.

30.     That at the above-referenced times prior to plaintiff's decedent's death, Sheriff Mike Hoelscher demonstrated a deliberate indifference to the serious medical needs of plaintiff's decedent constituting the unnecessary and wanton infliction of pain prescribed by the Eight Amendment in one or more of the following ways:

a.     Failed to provide the plaintiff's decedent, William Everette Rainey, reasonable medical care under the circumstances;

b.     Refused reasonable medical treatment in spite of repeated requests from plaintiff's decedent in an effort to punish plaintiff's decedent;

c.     Refused medical treatment in an effort to punish plaintiff's decedent without due process in violation of the Fourteenth Amendment;

d.     Failed to transport plaintiff's decedent to a hospital or to some other facility to tend to the medical needs of the plaintiff's decedent;

e.     Otherwise acted in a reckless disregard for health and welfare of the pretrial detainees in their charge, including plaintiff's decedent, William Everette Rainey, and failing to maintain, care for, and see to the health and welfare of those in its custody.

31.     That as a direct and proximate result of the foregoing acts on the part of the defendant, Sheriff Mike Hoelscher, plaintiff's decedent died.

32.     That as a result of the death of William Everette Rainey, his children, Bailey Fay Rainey and William Michael Rainey, have suffered great losses of a personal and pecuniary nature, including the loss of companionship, guidance, support, and society of their father, subjecting the defendant to liability pursuant to 74 ILCS 180/1 commonly referred to as the Wrongful Death Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendant Sheriff Mike Hoelscher, in an amount greater than $50,000.00.

### COUNT V – Violation of 42 USC § 1983 vs. Christopher Geisen And Jason Loyd (Wrongful Death)

33.     The plaintiff incorporates paragraphs 1-10 as if fully set forth herein.

34.     That Christophr Geisen and Jason Loyd had a duty to maintain pretrial detainees such as the plaintiff's decedent, William Everette Rainey, and had a duty to furnish all necessary medical aid to the people in their department's custody.

35.     That at the above-referenced times prior to plaintiff's decedent's death, Christopher Geisen and Jason Loyd demonstrated a deliberate indifference to the serious medical needs of plaintiff's decedent constituting the unnecessary and wanton infliction of pain prescribed by the Eight Amendment in one or more of the following ways:

   a.     Failed to provide the plaintiff's decedent, William Everette Rainey, reasonable medical care under the circumstances;

   b.     Refused reasonable medical treatment in spite of repeated requests from plaintiff's decedent in an effort to punish plaintiff's decedent;

    c.    Refused medical treatment in an effort to punish plaintiff's decedent without due process in violation of the Fourteenth Amendment;

    d.    Failed to transport plaintiff's decedent to a   hospital or to some other facility to tend to the medical needs of the plaintiff's decedent;

    e.    Otherwise acted in a reckless disregard for health and welfare of the pretrial detainees in their charge, including plaintiff's decedent, William Everette Rainey, and failing to maintain, care for, and see to the health and welfare of those in its custody.

36.    That as a direct and proximate result of the foregoing acts on the part of the defendants, Christopher Geisen and Jason Loyd, plaintiff's decedent died.

37.    That as a result of the death of William Everette Rainey, his children, Bailey Fay Rainey and William Michael Rainey, have suffered great losses of a personal and pecuniary nature, including the loss of companionship, guidance, support, and society of their father, subjecting the defendants to liability pursuant to 74 ILCS 180/1 commonly referred to as the Wrongful Death Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, Christopher Geisen and Jason Loyd, in an amount greater than $50,000.00.

### COUNT VI – Violation of 42 USC § 1983 vs. John Doe, Richard Roe, Police Officers and Security Guards at Randolph County Jail (Wrongful Death)

38.    The plaintiff incorporates paragraphs 1-10 as if fully set forth herein.

39.    That John Doe, Richard Roe, unknown Police Officers and Security Guards at the Randolph County Jail had a duty to maintain pretrial detainees such as the plaintiff's decedent, William Everette Rainey, and had a duty to furnish all necessary medical aid to the people in his department's custody.

40.    That at the above-referenced times prior to plaintiff's decedent's death, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail demonstrated a deliberate indifference to the serious medical needs of plaintiff's decedent constituting the unnecessary and wanton infliction of pain prescribed by the Eight Amendment in one or more of the following ways:

a.    Failed to provide the plaintiff's decedent, William Everette Rainey, reasonable medical care under the circumstances;

b.    Refused reasonable medical treatment in spite of repeated requests from plaintiff's decedent in an effort to punish plaintiff's decedent;

c.    Refused medical treatment in an effort to punish plaintiff's decedent without due process in violation of the Fourteenth Amendment;

d.    Failed to transport plaintiff's decedent to a   hospital or to some other facility to tend to the medical needs of the plaintiff's decedent;

e.    Otherwise acted in a reckless disregard for health and welfare of the pretrial detainees in their charge, including plaintiff's decedent, William Everette Rainey, and failing to maintain, care for, and see to the health and welfare of those in its custody.

41.     That as a direct and proximate result of the foregoing acts on the part of the defendants, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail, plaintiff's decedent died.

42.     That as a result of the death of William Everette Rainey, his children, Bailey Fay Rainey and William Michael Rainey, have suffered great losses of a personal and pecuniary nature, including the loss of companionship, guidance, support, and society of their father, subjecting the defendants to liability pursuant to 74 ILCS 180/1 commonly referred to as the Wrongful Death Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail, in an amount greater than $50,000.00.

## COUNT VII – Wilful and Wanton Lack of Medical Care
### vs. Sheriff Mike Hoelscher
### (Survival Action)

43.     The plaintiff incorporates paragraphs 1-10 of the general allegations in Paragraphs 12-14 of Court I as Par. 43 of this Count VII with full force and effect as if pleaded here in full.

44.     That as a direct and proximate result of the foregoing acts on the part  of the defendant, Sheriff Mike Hoelscher, plaintiff's decedent, William Everette Rainey, did experience great pain and suffering before his death, subjecting the defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE plaintiff, William Edward Rainey, as Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendant Sheriff Mike Hoelscher, in an amount greater than $50,000.00.

### COUNT VIII – Wilful and Wanton Lack of Medical Care
### vs. Christopher Geisen And Jason Loyd
### (Survival Action)

45.     The plaintiff incorporates paragraphs 1-10 of the general allegations in Paragraphs 17-19 of Count II as Par. 45 of this Count VIII with full force and effect as if pleaded here in full.

46.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendants, Christopher Geisen and Jason Loyd, plaintiff's decedent, William Everette Rainey, did experience great pain and suffering before his death subjecting the defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, Christopher Geisen and Jason Loyd, in an amount greater than $50,000.00.

### COUNT IX – Wilful and Wanton Lack of Medical Care
### vs. John Doe, Richard Roe,
### Police Officers and Security Guards at Randolph County Jail
### (Survival Action)

47.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 23-26 of Count III as Par. 47 of this Count IX with full force and effect as if pleaded here in full.

48.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendants, John Doe Richard Roe, Police Officers and Security Guards

13

at Randolph County Jail, plaintiff's decedent, William Everette Rainey, did experience great pain and suffering before his death subjecting the defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail, in an amount greater than $50,000.00.

## COUNT X – Violation of 42 USC § 1983 vs. Sheriff Mike Hoelscher (Survival)

49.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 29-30 of Count IV as Par. 49 of this Count X with full force and effect as if pleaded here in full.

50.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendant, Sheriff Mike Hoelscher, plaintiff's decedent, William Everette Rainey, did experience great pain and suffering before his death subjecting the defendant to liability pursuant to a violation of 42 USC § 1983.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendant Sheriff Mike Hoelscher, in an amount greater than $50,000.00.

## COUNT XI– Violation of 42 USC § 1983 vs. Christopher Geisen And Jason Loyd (Survival)

51.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 34-36 of Count V as Par. 51   of this Count XI with full force and effect as if pleaded here in full.

52.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendants, Christopher Geisen and Jason Loyd, plaintiff's decedent, William Everette Rainey, did experience great pain and suffering before his death subjecting the defendants to liability pursuant to a violation of 42 USC §1983.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, Christopher Geisen and Jason Loyd, in an amount greater than $50,000.00.

### COUNT XII – Violation of 42 USC § 1983 vs. John Doe, Richard Roe, Police Officers and Security Guards at Randolph County Jail (Survival)

53.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 39-40 of Count VI as Par. 53 of this Count XII with full force and effect as if pleaded herein full.

54.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendants, John Doe, Richard Roe, unknown Police Officers and Security Guards at the Randolph County Jail, plaintiff's decedent, William Everette Rainey, did experience great pain and suffering before his death subjecting the defendants to liability pursuant to a violation of 42 USC §1983.

WHEREFORE plaintiff, William Edward Rainey, Special Administrator of the Estate of William Everette Rainey, Deceased, prays for judgment against the defendants, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail, in an amount greater than $50,000.00.

### COUNT XIII – Wilful and Wanton Lack of Medical Attention vs. Sheriff Mike Hoelscher (Family Expense Act)

55.    The plaintiff incorporates Paragraphs 1-10 of the general allegations in Paragraphs 12-14 of Court I as Par. 55 of this Count XIII with full force and effect as if pleaded here in full.

56.    That as a direct and proximate result of one or more of the aforementioned acts or omissions of the defendant, the plaintiff William Edward Rainey, individually, did sustain great losses in the form of funeral and burial expenses.

WHEREFORE plaintiff, William Edward Rainey, individually, prays for judgment against the defendant Sheriff Mike Hoelscher, in an amount necessary to fully and fairly compensate plaintiff for all of his losses for funeral and burial expenses, compensable under the terms of the Family Expense Act, 750 ILCS 65/15, and Illinois common law.

## COUNT XIV – Wilful and Wanton Lack of Medical Attention
### vs. Christopher Geisen And Jason Loyd
### (Family Expense Act)

57.    The plaintiff incorporates paragraphs 1-10 of the general allegations in Paragraphs 17 through 19 of Count II as Par. 57 of this Count XIV with full force and effect as if pleaded here in full.

58.    That as a direct and proximate result of one or more of the aforementioned acts or omissions of the defendant, the plaintiff William Edward Rainey, individually, did sustain great losses in the form of funeral and burial expenses.

WHEREFORE plaintiff, William Edward Rainey, individually, prays for judgment against the defendants, Christopher Geisen and Jason Loyd, in an amount necessary to fully and fairly compensate plaintiff for all of his losses for funeral and

burial expenses, compensable under the terms of the Family Expense Act, 750 ILCS 65/15, and Illinois common law.

### COUNT XV – Wilful and Wanton Lack of Medical Attention vs. John Doe, Richard Roe, Police Officers and Security Guards at Randolph County Jail (Family Expense Act)

59.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 23-25 of Count III as Par. 59 of this Count XV with full force and effect as if pleaded here in full.

60.     That as a direct and proximate result of one or more of the aforementioned acts or omissions of the defendant, the plaintiff William Edward Rainey, individually, did sustain great losses in the form of funeral and burial expenses.

WHEREFORE plaintiff, William Edward Rainey, individually, prays for judgment against the defendants, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail, in an amount necessary to fully and fairly compensate plaintiff for all of his losses for  funeral and burial expenses, compensable under the terms of the Family Expense Act, 750 ILCS 65/15, and Illinois common law.

### COUNT XVI – Violation of 42 USC § 1983 vs. Sheriff Mike Hoelscher (Family Expense Act)

61.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 29-30 of Count IV as Par. 61 of this Count XVI with full force and effect as if pleaded here in full.

62.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendant, Sheriff Mike Hoelscher, plaintiff, William Edward Rainey, did sustain great losses in the form of funeral and burial expenses.

WHEREFORE plaintiff, William Edward Rainey, individually, prays for judgment against the defendant Sheriff Mike Hoelscher, in an amount greater than $50,000.00.

### COUNT XVII– Violation of 42 USC § 1983 vs. Christopher Geisen And Jason Loyd (Family Expense Act)

63.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 34-35 of Count V as Par. 63 of this Count XI with full force and effect as if pleaded here in full.

64.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendants, Christopher Geisen and Jason Loyd, plaintiff, William Edward Rainey, did sustain great losses in the form of funeral and burial expenses.

WHEREFORE plaintiff, William Edward Rainey, individually, prays for judgment against the defendants, Christopher Geisen and Jason Loyd, in an amount greater than $50,000.00.

### COUNT XVIII – Violation of 42 USC § 1983 vs. John Doe, Richard Roe, Police Officers and Security Guards at Randolph County Jail ( Family Expense Act)

65.     The plaintiff incorporates paragraphs 1-10 of the general allegations and Paragraphs 39-40 of Count VI as Par. 65 of this Count XVIII with full force and effect as if pleaded herein full.

66.     That as a direct and proximate result of one or more of the foregoing acts on the part of the defendants, John Doe, Richard Roe, unknown Police Officers and Security Guards at the Randolph County Jail, plaintiff, William Edward Rainey, did sustain great losses in the form of funeral and burial expenses. .  `

WHEREFORE plaintiff, William Edward Rainey, individually, prays for judgment against the defendants, John Doe, Richard Roe, Police Officers and Security Guards at the Randolph County Jail, in an amount greater than $50,000.00.

s/Jeffrey S. Hammel
Jeffrey S. Hammel #3127173
23 South First Street
Belleville, IL 62220
Phone: (618)234-2430
Fax: (618)234-2431
E-mail: jeff@jhammellaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**